1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9

10

11

12

13

14

| | | |
|---|---|---|
| Andres Carmen Meza, | ) | No. CV-05-1121-PHX-PGR (LOA) |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Deputy Warden Perkins, et al., | ) | |
| Respondents. | ) | |
| | ) | |

15

16

17

This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254.  (document # 5)  Respondents argue that the Court should deny the Petition for failure to exhaust state remedies.  (document # 21) Petitioner has filed several Replies.  (documents # 22, # 26, # 29)

18

19

**BACKGROUND**

20

21

22

23

The State of Arizona charged Petitioner in CR 2002-012645 with one count of aggravated assault, two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, and one count of leaving the scene of an injury accident.  (Respondents' Exh. A at 1, 27)  The State alleged one prior felony conviction. (Respondents' Exh. A at 26, 50)

24

25

26

27

28

The following incident gave rise to the foregoing charges.  On November 4, 2000, Petitioner failed to stop at a stop sign and collided with another vehicle injuring Martina Lopez. (Respondents' Exh. A, Item 80 at 1) Petitioner fled the scene of the accident but witnesses followed him and detained him until police arrived.  (Id.)  Petitioner was arrested and a blood

1  sample, obtained pursuant to a search warrant, revealed that Petitioner had a blood alcohol

2  concentration of .256.  (Id.)

3          On August 16, 2002, Petitioner pleaded no contest to aggravated assault.[1]

4  (Respondents' Exh. A, Items 64-65) On September 18, 2002, the state trial court granted

5  Petitioner's request to withdraw from the plea.  (Id. at Item 72) On November 6, 2002, Petitioner

6  pleaded guilty to aggravated assault, and in exchange, the State dismissed the remaining charges

7  and the allegation of a prior felony conviction.  (Respondents' Exh. A Items 77-78, Exh. B) On

8  November 13, 2002, the trial court sentenced Petitioner to a presumptive term of six years

9  imprisonment, with credit for 427 days presentence incarceration, and with the sentence to run

10 concurrently with the sentence imposed in a different case, CR 2001-000877.  (Respondents'

11 Exh. A, Item 81; Exh. C)

12         On February 12, 2003, Petitioner filed a notice of post-conviction relief.

13 (Respondents' Exh. A, Item 85) On February 27, 2003, the trial court appointed post-conviction

14 counsel.  (Id., Item 88) On June 23, 2003, post-conviction counsel filed a notice stating that he

15 could not find any colorable claims to raise.  (Respondents' Exh. A, Item 97) On August 4,

16 2003, Petitioner filed a pro se petition for post-conviction relief asserting that his trial counsel

17 was ineffective for: (1) forcing him to enter into a plea agreement; (2) failing to hire a private

18 investigator, (3) failing to request that the court consolidate CR 2001-012645 with CR 2001-

19 000877, (4) failing to prepare for trial, and (5) failing to interview the "real" witnesses against

20 him.  (Respondents' Exh. A, Item 99) Petitioner also asserted that (6) the trial court erred by

21 denying his motion to suppress and that the court should grant post-conviction relief  because

22 (7) Petitioner did not see the phlebotomist's certification, (8) there was a discrepancy in the

23 results of his blood tests, and (9) he was arrested on two outstanding warrants, not on the

24 charges later filed.  (Respondents' Exh. A, Items 99, 107) On October 30, 2003, the trial court

25 issued a minute entry finding that Petitioner had raised a colorable claim of ineffective

26 assistance of counsel and scheduling a hearing on the petition for post-conviction relief.

27 _____

28      [1]  The Honorable Douglas L. Reyes presided.

1   (document # 22, Exhibit) The court found that all of Petitioner's other claims were precluded

2   because he could have raised such claims during trial.   The trial court also noted that

3   Respondent had not filed a response to Petitioner's petition for post-conviction relief.   (Id.)

4   Thereafter, on January 26, 2004, the trial court found that after reviewing Respondent's

5   response, its earlier finding that Petitioner had raised a colorable claim of ineffective assistance

6   of counsel was erroneous.   The court, therefore, dismissed the petition for post-conviction relief.

7   (Id., Items 101, 111)

8          On March 9, 2004, Petitioner filed a petition for review to the Arizona Court of

9   Appeals.  (Respondents' Exh. D, E, F) On May 19, 2005, the appellate court denied review.

10   (Respondents' Exh. G) Thereafter, Petitioner filed the pending petition.

11          Respondents contend that with the exception of Petitioner's sixth claim, the claims

12   in Petitioner's § 2254 Petition are procedurally barred because they were not fairly presented

13   to the state court.   Respondents further argue that Petitioner's sixth claim for relief fails on the

14   merits.   Petitioner has filed several replies arguing that he is entitled to habeas relief.

15                                   **EXHAUSTION**

16          Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state

17   prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state

18   court, every claim raised in his petition.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To

19   properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity

20   to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the

21   state courts in a procedurally appropriate manner.   Castille v. Peoples, 489 U.S. 346, 349

22   (1989); Baldwin v. Reese, 541 U.S. 27, 29 (2004)(stating that "[t]o provide the State with the

23   necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court

24   . . . thereby alerting the court to the federal nature of the claim.")

25          It is not enough that all of the facts necessary to support the federal claim were

26   before the state court or that a "somewhat similar" state law claim was raised.  Reese, 541 U.S.

27   at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to

28   federal nature of the claim.)  Rather, the habeas petitioner must cite in state court to the specific

constitutional guarantee upon which he bases his claim in federal court.  Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001).  Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim.  Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial.")  Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ."  Lyons, 232 F.3d at 668.  A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim.  Baldwin, 541 U.S. at 27.

Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted."  This type of exhaustion is often referred to as "procedural default" or "procedural bar."  See Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two categories of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court.  See Nummemaker, 501 U.S. at 802-05.  If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar.  Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review.)  A higher court's

1 subsequent summary denial of review affirms the lower court's application of a procedural bar.

2 Nunnemaker, 501 U.S. at 803.

3          Second, the state prisoner may not have presented the claim to the state courts, but

4 pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague

5 v. Lane, 489 U.S. 288, 297-99 (1989).  Generally, any claim not previously presented to the

6 Arizona courts is procedurally barred from federal review because any attempt to return to state

7 court to properly exhaust a current habeas claim would be "futile." See Ariz. R. Crim. P. 32.1,

8 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319,

9 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)(relief is precluded for

10 claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a), Ariz. R.

11 Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's

12 decision).  A state post-conviction action is futile where it is time barred.  See Beaty, 303 F.3d

13 at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)(recognizing untimeliness under

14 Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction

15 relief, distinct from preclusion under Rule 32.2(a)).

16          In either case of procedural default, federal review of the claim is barred absent a

17 showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley,

18 541 U.S. 386, 393-94, (2004); Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish cause,

19 a petitioner must establish that some objective factor external to the defense impeded his efforts

20 to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986).  The

21 following objective factors may constitute cause: (1) interference by state officials, (2) a

22 showing that the factual or legal basis for a claim was not reasonably available, or (3)

23 constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488.   To establish

24 prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his

25 actual and substantial disadvantage, infecting his entire trial with error of constitutional

26 dimension." United States v. Frady, 456 U.S. 152, 170 (1982).  Where petitioner fails to

27 establish cause, the court need not reach the prejudice prong.

28

1       To establish a "fundamental miscarriage of justice" resulting in the conviction of one

2    who is actually innocent, a state prisoner must establish that it is more likely than not that no

3    reasonable juror would have found him guilty beyond a reasonable doubt in light of new

4    evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

5    **I. Application of Law to Petitioner's Claims**

6       Petitioner raises ten claims for relief.  (document # 5)  Respondents assert that

7    Petitioner's claims are unexhausted because he failed to present any of his claims to the Arizona

8    Supreme Court.   Respondents argue that under Baldwin v. Reese, 541 U.S. 27, 29 (2004), to

9    exhaust claims in state court, an Arizona prisoner must petition for review to the Arizona

10   Supreme Court, the highest discretionary court of appeals in Arizona.  See Peterson v. Lampert,

11   319 F.3d 1153, 1156 (9th Cir. 2003).  Respondents argue that Baldwin overturns Swoopes v.

12   Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) where the court held that Arizona state prisoners

13   need not seek review in the Arizona Supreme Court to exhaust state remedies.  The Court

14   declines to decide this issue because in addition to failing to present his claims to the Arizona

15   Supreme Court, Petitioner failed to fairly present all of his claims except his sixth claim to either

16   to the trial court or the Arizona Court of Appeals (Respondents' Exh. A at 99) and Petitioner's

17   sixth claim fails on the merits.  See 28 U.S.C. § 2254(b)(2)(stating that the court may deny

18   unexhausted claims on the merits).

19       **A. Petitioner's First-Fifth and Seventh-Tenth Claims**

20        *1. Claims One-Four and Seven-Ten*

21      In his first claim, Petitioner argues that his guilty plea violates the First Amendment

22   because of its "untruth."  (document # 5 at 5-5(b)) In his second claim, Petitioner contends that

23   his Fourth Amendment rights were violated by an illegal search and seizure.  (Id. at 6(A)) In his

24   third claim, Petitioner asserts that his Fourth Amendment rights were violated because the

25   prosecution failed to disclose exculpatory evidence.  (Id. at 7) In his fourth claim, Petitioner

26   argues that his Fifth Amendment rights were violated because he was "compelled . . .to be

27   witness against himself" by pleading guilty.  (Id. at 8)  In his seventh claim, Petitioner argues

28   that "judicial missteps" violated the Seventh Amendment.  (Id. at 11) In his eighth claim

1   Petitioner argues that the Eighth Amendment was violated because his sentence constitutes cruel

2   and unusual punishment.   (Id. at 12)  In his ninth claim, Petitioner argues that the Ninth

3   Amendment was violated because the grand jury was improperly impaneled.  (document # 5 at

4   13)  In his tenth claim, Petitioner argues that the Fourteenth Amendment was violated because

5   his conviction was obtained "by duress, misrepresentation, or fraud."  (Id. at 14)

6          As stated above, before a federal court may decide a petition for habeas corpus

7   relief, the state prisoner must have fairly presented every federal claim to the state courts in a

8   procedurally proper manner.  Coleman, 501 U.S. at 731-32.  For a claim to be fairly presented

9   in state court, petitioner must describe the operative facts and legal theories upon which his

10  claim is based.  Baldwin, 541 U.S. at 29-30.  The federal nature of the claim must be explicit

11  at all levels. Id.  General appeals to broad constitutional principles, such as due process, equal

12  protection, and the right to a fair trial are insufficient to establish fair presentation of a federal

13  constitutional claim.  Lyons, 232 F.3d at 669.

14         Petitioner did not present any of the foregoing claims to the state courts.  Petitioner's

15  failure to present his federal claims to the State courts results in a procedural bar because

16  Petitioner is time-barred from returning to State court to obtain review of such claims.

17  Ariz.R.Crim.P. 32.1(d)-(h), 32.4(a).  Accordingly, Petitioner is not entitled to federal habeas

18  review of his claims unless he establishes cause and prejudice or a fundamental miscarriage of

19  justice which the Court will discuss in section three below.

20         *2. Double Jeopardy Claim - Claim Five*

21         In his fifth claim for relief,  Petitioner argues that the Double Jeopardy Clause was

22  violated because trial counsel failed to request consolidation of two cases brought against him,

23  CR 2001-012645 and CR 2001-000877.  (document # 5 at 9)   On post-conviction review,

24  Petitioner challenged counsel's failure to consolidate the aforementioned cases.  However, he

25  did not raise a double jeopardy claim before the State courts.  Even though Petitioner's claim

26  of ineffective assistance of counsel rested on essentially the same facts as his double jeopardy

27  claim, to satisfy the fair presentation requirement it is not enough that all of the facts necessary

28  to support a claim were before the state courts or that a "somewhat similar" claim was raised.

1  Baldwin, 541 U.S. at 29 (stating that a reference to ineffective assistance of counsel at trial does

2  not alert the court to a claim of ineffective assistance of appellate counsel).  Thus, because

3  Petitioner did not raise the same double jeopardy claim in state court that he wishes to raise in

4  ground five of his § 2254 petition, he failed to fairly present that claim.  Accordingly,

5  Petitioner's double jeopardy claim is procedurally defaulted.

6              *3. Cause and Prejudice or Fundamental Miscarriage of Justice*

7              Because Petitioner procedurally defaulted claims 1-5 and 7-10, federal habeas

8  review of those claims is barred absent a showing of cause and prejudice or a fundamental

9  miscarriage of justice.  Coleman, 501 U.S. at 750-51; Teague, 489 U.S. at 298; Schlup, 513 U.S.

10  at 321.  Petitioner fails to make any of these showings.  In his replies, Petitioner reiterates the

11  arguments which he raises in his Amended Petition for Writ of Habeas Corpus which are

12  insufficient to establish cause.  (documents ## 22, 26, 29)  He further argues that his status as

13  a pro se petitioner constitutes cause for his failure to properly raise his claims.  Contrary to

14  Petitioner's assertion, his lack of legal assistance and knowledge of the law does not amount to

15  cause for Petitioner's failure properly to present his claims to the Arizona  courts.  Hughes v.

16  Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that an illiterate pro

17  se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default).

18   Petitioner also contends that a conflict of interest existed between the trial judge and the

19  prosecutor's office.  Even if a conflict existed, Petitioner does not explain why such a conflict

20  constitutes cause for his failure properly to raise his claims before the state court.  Moreover,

21  during the change of plea hearing, the trial court indicated that during the time of Petitioner's

22  offense, he was a prosecutor in the same unit as the prosecutor on Petitioner's case.

23  (Respondents' Exh. B at 10-11) However, the trial judge was not personally involved with

24  Petitioner's case.  (Id.)  The trial judge asked whether either side would like for him to recuse

25  himself from the case and both sides responded negatively.  (Id.)  Thus, to the extent that any

26  conflict of interest existed, Petitioner was aware of it during the criminal proceedings and could

27  have raised an objection at that time.  There is no evidence that the alleged conflict prevented

28  Petitioner from properly presenting his claims to the State courts.

1    Additionally, Petitioner does not establish that failure to review his claims will result

2    in a fundamental miscarriage of justice.  Schlup, 513 U.S. at 321.  In his replies, Petitioner

3    reiterates his claim that counsel was ineffective in failing to hire an investigator to determine

4    whether Petitioner's fingerprints were on the steering wheel of the car.  Petitioner, however,

5    does not point to any new evidence and, therefore, does not establish that it is more likely than

6    not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of

7    new evidence.  Schlup 513 U.S. at 327 ).   Based on the foregoing, federal habeas review of

8    Petitioner's first, second, third, fourth, fifth, seventh, eighth, ninth and tenth claims is barred.

9                    **B. Fourth Amendment Claim**

10            Petitioner raises several Fourth Amendment claims. Even if those claims were not

11   barred from federal habeas review, they would fail because they are  not cognizable on federal

12   habeas review.   When the state provides an opportunity for full and fair litigation of a Fourth

13   Amendment claim at trial and on direct review, the federal court will not grant habeas corpus

14   relief on the ground that evidence obtained through an unconstitutional search or seizure was

15   introduced at his trial. Stone v. Powell, 428 U.S. 465, 494 (1976); Mitchell v. Goldsmith, 878

16   F.2d 319, 323 (9th Cir. 1989); Villafuerte v. Stewart, 111 F.3d 616, 627 (9th Cir. 1997).  Stone

17   only requires the initial opportunity for a full and fair hearing.  Caldwell, 781 F.2d at 715.

18   "Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus

19   petition, into the trial court's subsequent course of action." Caldwell, 781 F.2d at 715.  As long

20   as the state provides a state prisoner the opportunity to litigate his Fourth Amendment claim,

21   whether the prisoner actually did so, or whether the state court correctly decides the issue, is

22   irrelevant on federal habeas review. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996).

23            Here, Petitioner pleaded guilty and waived all nonjurisdictional defects in the prior

24   proceedings.  Tollet v. Henderson, 411 U.S. 258, 267 (1973).  However, nothing prevented

25   Petitioner from raising his Fourth Amendment claims in State court.  Accordingly, his Fourth

26   Amendment claims are not properly before the Court.

27   **II. Sixth Amendment Claim**

28

1    In his sixth ground for relief, which Petitioner properly raised on post-conviction

2    relief, Petitioner argues that counsel was ineffective because he forced Petitioner to enter a plea

3    agreement.  (Respondents' Exh. A, Item 99; document # 5 at 10)

4    On federal habeas review, the court may grant relief only if it determines that a state

5    court decision was contrary to, or rested on an unreasonable application of, clearly established

6    federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1);

7    Williams v. Taylor, 529 U.S. 362, 402-13 (2000).   The controlling Supreme Court precedent

8    governing claims of ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668

9    (1984)

10    To prevail on a claim of ineffective assistance of counsel, a state prisoner must show

11    that: (1) counsel's performance fell below an objective standard of reasonableness and was

12    "outside the range of professionally competent assistance," and (2) that counsel's deficient

13    performance prejudiced petitioner by creating a "reasonable probability that absent the errors

14    the factfinder would have had a reasonable doubt respecting guilt." Strickland v. Washington,

15    466 U.S. 668, 687 (1984).  The Strickland test applies to challenges to guilty pleas based on

16    effective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).

17    When analyzing Strickland's performance prong, the court "indulge[s] a strong

18    presumption that counsel's conduct falls within the wide range of reasonable professional

19    assistance; that is, the defendant must overcome the presumption that, under the circumstances,

20    the challenged action 'might be considered sound trial strategy.'" Brodit v. Cambra, 350 F.3d

21    985, 992 (9th Cir. 2003)(quoting Strickland, 466 U.S. at 689).  The court must consider counsel's

22    performance from counsel's perspective at the time of the alleged ineffectiveness and "every

23    effort must be made to eliminate the distorting effects of hindsight." Bonin v. Calderon, 59 F.3d

24    815, 833 (9th Cir. 1995).

25    Petitioner must also establish prejudice.  Strickland, 466 U.S. at 691-92.  To establish

26    prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's

27    unprofessional errors, the result of the proceeding would have been different." Strickland, 466

28    U.S. at 694.   A "reasonable probability" is a "probability sufficient to undermine confidence

1  in the outcome." Id.  To satisfy the prejudice prong in the context of a guilty plea, petitioner

2  "must show that there is a reasonable probability that, but for counsel's errors, he would not

3  have pleaded guilty and would have insisted on going to trial." Iaea v. Sunn, 800 F.2d 861, 865

4  (9th Cir. 1986).

5  A court reviewing a claim of ineffective assistance may opt to address only the prejudice prong,

6  "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

7  prejudice." Strickland, 466 U.S. at 697.

8       In this case, during the change of plea hearing, the trial court asked Petitioner if he had

9  read the plea agreement, if he had discussed its terms with counsel, if he understood the

10 agreement, and if it contained all of the terms to which he had agreed.  (Respondents' Exh. B,

11 Tr. 11/6/02 at 3-4) Petitioner answered all of the court's questions affirmatively.  (Id.)  He also

12 informed that court that he was neither threatened nor coerced into entering the plea and that

13 he was entering the plea voluntarily.  (Id. at 4) The court advised Petitioner of the possible

14 sentence under the plea agreement and Petitioner indicated that he understood the consequences

15 of entering the plea.  (Id. at 4-6)  On the foregoing record, the trial court on post-conviction

16 review found that Petitioner failed to raise a colorable claim of ineffective assistance of counsel.

17 (Respondents' Exh. A, Item 111) Petitioner has not presented any evidence that the state court's

18 decision is contrary to federal law or involves an unreasonable determination of the facts.  28

19 U.S.C. § 2254(d)(1).

20      Moreover, even if counsel's performance was deficient, Petitioner has not shown that but

21 for counsel's error he would not have pleaded guilty but would have insisted on proceeding to

22 trial.  Iaea, 800 F.2d at 865.  Had Petitioner rejected the plea agreement and proceeded to trial,

23 he could have received a longer sentence that the one he received under the plea agreement.  See

24 A.R.S. § 13-604(I); State v. Griffin, 148 Ariz. 82, 85-86; 713 P.2d 283, 286-87 (1986)(stating

25 that consecutive sentences were proper where defendant committed separate and distinct acts).

26 Courts have declined to find counsel ineffective for advising their clients to enter  plea

27 agreements which reduce the likely sentence. See Hunter v. United States, 160 F.3d 1109, 1115

28

1 (6th Cir. 1998); <u>United States v. Farley</u>, 72 F.3d 158, 165 (D.C.Cir. 1995); <u>Magnum v. Hargett</u>,
2 67 F.3d 80, 86-87 (5th Cir. 1995).

3      In summary, Petitioner has not established that the state court, in denying his petition for
4 post-conviction relief, unreasonably applied <u>Strickland</u>.  Petitioner has also failed to show that
5 the State court made an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(1).

6      Accordingly,

7      **IT IS HEREBY RECOMMENDED** that Petitioner's Amended Petition for Writ of
8 Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254 (document # 5) be
9 **DENIED.**

10      This recommendation is not an order that is immediately appealable to the Ninth Circuit
11 Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
12 Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
13 have ten days from the date of service of a copy of this recommendation within which to file
14 specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
15 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
16 response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and
17 Recommendation may result in the acceptance of the Report and Recommendation by the
18 District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
19 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate
20 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
21 in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
22 72, Federal Rules of Civil Procedure.

23      DATED this 27th day of February, 2006.

26                Lawrence O. Anderson
27                United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28