IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andres Carmona Meza,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Deputy Warden Perkins, et al.,<br><br>　　　　Respondents. | No. CV-05-1121-PHX-PGR (LOA)<br><br>ORDER and OPINION |

  Pending before the Court is the petitioner's Notice of Change of Judge, Lawrence O. Anderson, Pursuant to Sections 351-364 of Title 28 of the United States Code (doc. #15), which the Court construes as a motion for recusal pursuant to 28 U.S.C. § 144 and § 455 based on alleged bias or prejudice. Although it is not entirely clear, it appears that the petitioner is requesting that the Court recuse Magistrate Judge Anderson because he has ruled against the petitioner in this case and in previous cases and because the petitioner has filed a complaint of judicial misconduct against him with the Ninth Circuit. The Court finds that recusal is not warranted because (1) it is only in the "rarest circumstances" that adverse judicial rulings evidence the pervasive bias required for recusal for cause, Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994), and the petitioner has not made any showing that Magistrate Judge Anderson has displayed such a deep-seated antagonism against him that would

make fair judgment impossible, *id.*, and (2) the mere fact that the petitioner has filed a judicial misconduct complaint against Magistrate Judge Anderson does not require recusal. *See* United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, ... or by a litigant's intemperate and scurrilous attacks [against him.]")

Also pending before the Court is Magistrate Judge Anderson's Report and Recommendation (doc. #30), filed February 27, 2006, in which he recommends that the petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied.[1] Rather than timely filing a document specified as an objection to the Report and Recommendation, the petitioner filed two documents on March 16, 2006, one being a premature Notice of Appeal to the Ninth Circuit from the Report and Recommendation (doc. #31)[2], and the other being a Motion to Stay Appeal and Leave to Remand/Exhaust in the Supreme Az Court Pursuant to 28 U.S.C. § 2254 (doc. #32)[3]. The Court has reviewed the Report and

---

[1] Magistrate Judge Anderson recommended the dismissal of the habeas petition because the petitioner had procedurally defaulted on nine of his ten claims because he had not presented them to either the Arizona Superior Court or to the Arizona Court of Appeals, and the petitioner had failed to make a showing of cause and prejudice or a fundamental miscarriage of justice as to those defaulted claims, and because the petitioner's remaining claim (his sixth claim alleging ineffective assistance of counsel which he had properly raised on post-conviction relief) failed on its merits.

[2] The petitioner's appeal to the Ninth Circuit from the Report and Recommendation is legally meritless because a Report and Recommendation is not an appealable order, as Magistrate Judge Anderson specifically made clear in the Report and Recommendation. Furthermore, to the extent that the petitioner is attempting to argue in his Notice of Appeal that Magistrate Judge Anderson had no authority to issue the Report and Recommendation because this Court had previously withdrawn the case from Magistrate Judge Anderson, he is mistaken. The Court merely withdrew two specific motions, stating in both withdrawal of reference orders (docs. #19 and #27) that "all other matters in this action shall remain with the Magistrate Judge for disposition as appropriate.")

[3] To the extent that the petitioner's Motion to Stay Appeal should be liberally construed as a motion requesting this Court to hold this action in abeyance while the petitioner returns to the state courts to exhaust his non-exhausted claims, the Court declines to do so given the petitioner's failure to establish good cause for not presenting his nine non-exhausted claims to the Arizona state courts and his failure to establish that his non-exhausted claims are

(continued...)

1  Recommendation *de novo* and finds that Magistrate Judge Anderson correctly
2  concluded that the § 2254 petition should be denied.
3      Therefore,
4      IT IS ORDERED that the petitioner's Notice of Change of Judge, Lawrence
5  O. Anderson, Pursuant to Sections 351-364 of Title 28 of the United States Code
6  (doc. #15) is denied.
7      IT IS FURTHER ORDERED that the petitioner's Motion to Stay Appeal and
8  Leave to Remand/Exhaust in the Supreme Az Court Pursuant to 28 U.S.C.
9  § 2254 (doc. #32) is denied.
10     IT IS FURTHER ORDERED that Magistrate Judge Anderson's Report and
11 Recommendation (doc. #30) is accepted and adopted by the Court.
12     IT IS FURTHER ORDERED that the petitioner's Amended Petition for Writ
13 of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254
14 (doc. #5) is denied and that this action is dismissed. The Clerk of the Court shall
15 enter judgment accordingly.
16     DATED this 5th day of April, 2006.

Paul G. Rosenblatt
United States District Judge

---

[3](...continued)
meritorious. *See* Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005) (Supreme Court stated that "stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.")